**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

AURELIANO M.S.,

                         Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff of Sherburne County*,

                         Respondents.

Civil No. 26-1974 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Evan J. Mulholland, **MINNESOTA CENTER FOR ENVIRONMENTAL ADVOCACY**, 1919 University Avenue West, Suite 515, St. Paul, MN 55104, for Petitioner.

David W. Fuller and Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Aureliano M.S. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on March 12, 2026.  Aureliano M.S. petitions for a writ

of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Aureliano M.S.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Aureliano M.S. is a citizen of Mexico and a resident of St. Cloud, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 13, Mar. 20, 2026, Docket No. 1.) He has lived in the United States since December 2022, and he is not subject to a final order for removal. (*Id.* ¶¶ 13–14.) On March 12, 2026, ICE agents arrested Aureliano M.S. (*Id.* ¶ 15.) He was taken into custody and is being detained at the Sherburne County Jail. (*Id.* ¶ 18.)

On March 20, 2026, Aureliano M.S. filed a petition for writ of habeas corpus, challenging the lawfulness of his detention. (*Id.*) Petitioner challenged his detention under three separate grounds: (1) the Due Process Clause of the Fifth Amendment; (2) the Immigration and Nationality Act (INA); and (3) the Administrative Procedure Act (APA).

That same day, the Court issued an order (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directing Respondents to file an answer, including "[a] reasoned memorandum of law . . . explaining Respondents' legal position on Petitioner's claims," by March 24, 2026. (Order at 2, March 20, 2026, Docket No. 5.)

Respondents filed a timely response but addressed only one of the grounds for relief raised by Petitioner. (Docket No. 6.) Respondents contend that 8 U.S.C. § 1225(b)(2) authorizes Petitioner's detention under the INA—but they did not present the Court with any argument regarding Petitioner's Due Process or APA claims.

**DISCUSSION**

Petitioner first alleges that his detention is unlawful under the Due Process Clause of the Fifth Amendment.[1] He seeks immediate release, "or at a minimum . . . a bond hearing," as is required when a noncitizen is detained pursuant to 8 U.S.C. § 1226(a). (Pet. ¶ 35.)

"[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts employ the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), in determining whether civil detention violates the detainee's right to procedural due process under the Fifth Amendment. *See, e.g.*, *Abdirashid H.M. v. Noem*, Civ. No. 25-4779, 2026 WL 127698, at *4 (D. Minn. Jan. 9, 2026). The three factors relevant to Petitioner's due process claim are: (1) "the private interest that will be affected by" his detention; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

---

[1] The Eighth Circuit's recent ruling in *Avila v. Bondi*, No. 25-3248 (8th Cir. Mar. 25, 2026) interprets the INA to permit mandatory detention under facts similar to this case. The Court therefore will not grant Petitioner's request for habeas relief on INA grounds.

value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Whether citizen or noncitizen, a person's freedom from being detained by the Government is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Indeed, freedom from physical imprisonment "lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. at 690.

It is undisputed that Petitioner has the strongest of liberty interests at stake here—but the Government has offered no rebuttal to Petitioner's contention that his liberty is being deprived without adequate process. In their one-and-a-half-page Response to Petitioner's habeas petition, Respondents did not address Petitioner's Due Process claim in any way. (*See* Docket No. 6.) Respondents thus waived any opposition to Petitioner's weighty Due Process arguments, and the Court will grant the petition and order Petitioner's immediate release. *See, e.g.*, *Pedro A.D.L.O.O. v. Bondi*, Civ. No. 26-1959, 2026 WL 948970, at *2 (D. Minn. Apr. 8, 2026) (concluding that Respondents "waived any argument on the due process issue" where they "addressed only the [Immigration and Nationality Act] argument" and not Petitioner's due process argument).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Aureliano M.S.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

2. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

3. Given the potential for severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in inclement weather.  It is preferable to release Petitioner to counsel to ensure humane treatment.

4. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

5. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

6. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on April 17, 2026**. Further, the parties shall advise the Court at that time whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: April 13, 2026
at Minneapolis, Minnesota
at 5:20 p.m.

JOHN R. TUNHEIM
United States District Judge